# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60537
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2018

Lyle W. Cayce
Clerk

Consolidated with 17-60793

GLEN ANTUNEZ-BLANCO, also known as Carlos Cerrato,

Petitioner

v.

MATTHEW WHITAKER, ACTING U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A205 214 949

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.
PER CURIAM:[*]

In consolidated petitions for review, Glen Antunez-Blanco, a native and citizen of Honduras, seeks review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the order of the immigration judge (IJ) denying withholding of removal and relief under the Convention Against

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60537
Cons./w No. 17-60793

Torture (CAT) and the BIA's denial of his motion to reconsider the dismissal of his appeal. Antunez-Blanco maintains that he is entitled to withholding of removal and CAT relief because he has been persecuted due to his sexual orientation and HIV/AIDS-positive status and fears that he will again suffer this treatment if he repatriates.

We generally review only the decision of the BIA, but where, as is the case here, the BIA adopts the IJ's decision or is affected by the IJ's reasoning, we review the IJ's decision as well. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We apply the substantial evidence standard to Antunez-Blanco's claims that he is entitled to withholding of removal and CAT relief. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Reversal under this standard is not warranted unless we decide "not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted).

Initially, Antunez-Blanco asserts that the BIA erred by determining that he failed to raise the particular social group of LGBT or AIDS activists before the IJ. This argument fails; he did not raise the issue in his asylum application or during his testimony at the merits hearing. Thus, the BIA was not required to address the issue for the first time on appeal. *See Eduard v. Ashcroft*, 379 F.3d 182, 195 n.14 (5th Cir. 2004).

Antunez-Blanco's argument that the BIA engaged in improper fact finding when it concluded, in the first instance, that his persecution claim based on the extortion of his family by death squads failed as a matter of law likewise fails. *See* 8 C.F.R. § 1003.1(d)(3)(iv). The BIA did not make factual determinations in that regard; instead, it concluded, based on this court's precedent, that economic extortion and actions based on a criminal motive or

No. 17-60537
Cons./w No. 17-60793

desire for financial gain, like those raised by Antunez-Blanco, do not rise to persecution on account of a protected ground. *See Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014); *Shaikh v. Holder,* 588 F.3d 861, 864 (5th Cir. 2009).

Next, Antunez-Blanco asserts that the IJ and the BIA erred by determining that collateral estoppel precluded him from relitigating issues that were decided in a 2013 removal proceeding, namely that harm suffered by Antunez-Blanco in Honduras prior to 2013 did not constitute persecution or torture. He can show no error in this regard; the record reflects that the issue of whether Antunez-Blanco would be persecuted or tortured based on his sexual orientation, in light of events earlier than 2013, was presented to the IJ and BIA, litigated by the parties, and ruled upon by those agencies. *See Medina v. INS*, 993 F.2d 499, 503 n.15 (5th Cir. 1993); *Amrollah v. Napolitano*, 710 F.3d 568, 571 (5th Cir. 2013). Antunez-Blanco has not shown that he did not have a full and fair opportunity to litigate the issues.

As the BIA and IJ determined, Antunez-Blanco has failed to show past persecution. His complaints that he endured verbal threats, gay slurs, harassment, and a single, minor physical altercation while living in Honduras in 2014 do not constitute persecution. *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004).

Likewise, the evidence does not mandate a conclusion different than that reached by the BIA on the issue whether "it is more likely than not that [his] life or freedom would be threatened by persecution on account of" his sexual orientation or HIV/AIDS status if he returned to Honduras. *See Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). Honduran country conditions, indicating widespread societal discrimination of homosexuals and numerous killings of LGBT individuals in the past, do not establish that Antunez-Blanco would suffer future persecution in light of the additional undisputed evidence

that he returned to Honduras in 2014 and was recognized as a homosexual but experienced only a minor physical incident and verbal threats and harassment while living there; in other words, Antunez-Blanco has not shown a clear probability of persecution by specific and detailed facts. *Kane v. Holder*, 581 F.3d 231, 236, 239 (5th Cir. 2009). Contrary to Antunez-Blanco's assertion otherwise, the IJ and the BIA conducted separate and distinct analyses separate from the past persecution analyses when determining the future persecution issue.

A review of the record does not compel a conclusion contrary to that of the IJ and the BIA that Antunez-Blanco is not entitled to CAT relief. *See Chen*, 470 F.3d at 1134. He can make no showing of "severe pain or suffering" or "official imprimatur" given that he lived in Honduras in 2014 and experienced only verbal harassment and threats, a single, minor physical altercation, and a single occasion where he was denied medication, all at the hands of private individuals. *See id.* at 1139. There is nothing in the record supporting his assertion that death squads, that allegedly collude with local authorities, killed two of his family members.

Finally, Antunez-Blanco failed to "identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked" in his motion to reconsider. *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005). Thus, he has not shown that the BIA abused its discretion by denying the motion. *See id.*

In light of the foregoing, Antunez-Blanco's petitions for review are DENIED.